UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXSIA BRADLEY individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GERRESHEIMER GLASS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No. 1:20-cv-2700 |

## NOTICE OF REMOVAL

Defendant Gerresheimer Glass, Inc. ("Gerresheimer"), hereby removes this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. This Court has jurisdiction because Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and, on the face of Plaintiff's pleadings, the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1331, 1332(d), and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

**I.**      **Overview of Claims Asserted and Relief Sought**

1.      Gerresheimer is a Delaware Corporation that manufactures products for the healthcare industry. Plaintiff Alexsia Bradley vaguely asserts that she was employed by Gerresheimer in Illinois through 2019. Compl., ¶ 27, attached as part of Ex. A.[1] Plaintiff alleges Gerresheimer uses an employee time tracking system that requires employees to scan their

---

[1] Ex. A is "a copy of all process, pleadings, and orders served" on Ultimate Software. *See* 28 U.S.C. § 1446(a).

"fingerprint" to track time. *Id.* ¶ 22. Plaintiff alleges she was required to scan her "fingerprint" to clock in and out from work and that Gerrescheimer subsequently stored her "fingerprint" in its database in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. *Id.* ¶¶ 5, 28.

2. Plaintiff specifically alleges violations under four different subparts of BIPA's Section 15. Compl. ¶¶ 47-50. Plaintiff alleges Gerresheimer failed to:

- obtain a written release from Plaintiff and the Class before it collected, used, and stored their biometric identifiers and biometric information (Section 15(b)(3));

- inform Plaintiff and the Class in writing that their biometric identifiers and biometric information would be collected or stored (Section 15(b)(1));

- inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers and biometric information were being collected, stored, and used (Section 15(b)(2)); and

- maintain a publicly available retention schedule and guideline for permanently destroying its employees' biometric identifiers and biometric information (Section 15(a)).

3. Plaintiff defines the putative class as follows:

All residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained or disclosed by Defendant while residing in Illinois.

*Id.* ¶ 35.

4. Plaintiff seeks as relief, among other things, "liquidated damages for *each* of Defendant's violations of BIPA pursuant to 740 ILCS 14/20" (*id.* ¶ 52). BIPA § 20 provides for liquidated damages of $5,000 for each willful and/or reckless violation. 740 ILCS 14/20.

**II.     There are two independent grounds for subject matter jurisdiction.**

**A.     Plaintiffs' claims are completely preempted by Section 301 of the LMRA conferring federal question jurisdiction on this Court.**

5.     Plaintiffs' claims are completely preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and therefore "arise under" federal law conferring federal question jurisdiction on this Court. *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust Fund of So. Cal.*, 463 U.S. 1, 24 (1983); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

6.     In *Miller v. Southwest Airlines Co.*, 926 F.3d 898 (7th Cir. 2019), the Seventh Circuit held that BIPA claims based on an employer's use of finger scan time clocks were preempted by the Railway Labor Act. It explained that it is "not possible even in principle to litigate a dispute about how an [employer] acquires and uses fingerprint information for its whole workforce without asking whether the union has consented on the employees' collective behalf." *Id.* at 903–04. Although *Miller* applied the Railway Labor Act, the Supreme Court has said that the preemption standard is essentially the same under the LMRA. *See Hawaiian Airlines v. Norris*, 512 U.S. 246, 260 (1994). Courts in the Northern District of Illinois have held that *Miller* also applies to disputes involving the LMRA. *See Fernandez v. Kerry*, Case No. 17-cv-08971, 2020 WL 1820521, at *5-6 (N.D. Ill. Apr. 10, 2020)*; Gray v. The Univ. of Chi. Med. Ctr., Inc.*, Case No. 19-cv-4229, 2020 WL 1445608, at *4 (N.D. Ill. Mar. 25, 2020); *Peatry v. Bimbo Bakeries USA, Inc.*, Case No. 19-cv-2942, 2020 WL 919202, at *3 (N.D. Ill. Feb. 26, 2020).

7.     Like the BIPA plaintiffs in *Miller*, *Kerry*, *Gray*, and *Peatry*, Plaintiff has belonged to the union during her employment with Gerresheimer and the terms and conditions of her employment have been governed by collective bargaining agreements. (Declaration of Craig Calloway, ¶¶ 6-7, attached as Ex. B.) Gerresheimer and the union have been parties to collective

3

bargaining agreements ratified by the union's members for many years. (*Id.*) The relevant collective bargaining agreements are attached to Ex. B and were effective from April 1, 2013 to March 31, 2016, and April 1, 2016 to March 31, 2020. (*Id.*)

8. Like the agreements in *Miller*, *Kerry*, *Gray*, and *Peatry*, the collective bargaining agreements contain a broad management-rights provision and establish a grievance procedure. The broad "Management Rights" provision states, "The Union recognizes the right and responsibility of the Company to manage the plant and direct its working forces. All rights of the Company which have not been specifically abridged or modified by this Contract are retained by the Company." (Ex. B, ¶ 8.) The "Grievance Procedure" culminates in mandatory arbitration before the Federal Mediation and Conciliation Service. (Ex. B, ¶ 8.)

9. Under *Miller*, *Kerry*, *Gray*, and *Peatry*, Plaintiffs' claims are preempted by Section 301 of the Labor Management Relations Act. *See also Kerry*, 2020 WL 1820521 at *6 ("Because plaintiffs' BIPA claims necessarily requires interpretation of the collective bargaining agreement, it is preempted by § 301 of the LMRA.").

**B.     There is jurisdiction under the Class Action Fairness Act.**

10. This Court has jurisdiction under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d)(2), which gives federal courts original jurisdiction in class actions where: "(1) the aggregate amount in controversy exceeds $5,000,000; (2) any member of the plaintiff class is a citizen of a state different from any defendant ('minimal diversity'); (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and (4) the number of members of the plaintiff class is 100 or more." *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). All four elements exist here.

4

11. The proposed class covers more than 250 employees. (Ex. B ¶ 9.) Plaintiff alleges that she seeks to represent a class of hundreds of persons. (Compl. ¶ 36; Mot. for Class Cert. at 6, attached as part of Ex. A.) Thus, the number of members of the putative class exceeds 100.

12. Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiff alleges she is a natural person and citizen of Illinois. Compl. ¶ 7. Gerresheimer is a citizen of Delaware and New Jersey, because it is a Delaware corporation with its principal place of business in Vineland, New Jersey. *See* 28 U.S.C. § 1332(c)(1) (deeming a corporation a citizen of both the state "where it has its principal place of business" and its state of incorporation); Compl. ¶ 8; Ex. B ¶ 4. Accordingly, minimal diversity exists

13. Gerresheimer is not a state, state official, or government entity and not a citizen of Illinois, whereas Plaintiff is a citizen of Illinois. (Compl. ¶¶7-8; Ex. B ¶ 4.) Therefore, there is minimal diversity.

14. Plaintiff asserts four types of alleged violations, and seeks statutory damages of up to $5,000 for "each" violation (Compl. ¶¶ 47-50, 52, Prayer), and CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6). Based on Defendant's declaration that the proposed class has more than 250 members, the jurisdictional threshold of $5 million has been alleged (251 x $5,000 x 4 = $5,020,000.00). (Ex. B ¶ 9.)

**III. The Procedural Requirements for Removal Have Been Satisfied**

This notice is timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b). Gerresheimer was served on April 2, 2020. Ex. B ¶ 5. Counting forward 30 days comes to Saturday, May 2, 2020, making the deadline for removal Monday, May 4, 2020. FED. R. CIV. P. 6(a)(1)(C). Gerresheimer is the sole defendant, and therefore there are no other defendants whose consent would be necessary.

Gerresheimer is today timely filing this notice with the Circuit Court of Cook County, along with an executed copy of the Notice of Filing Notice of Removal. Gerresheimer is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

Dated:  May 4, 2020                                    Respectfully submitted,

**GERRESHEIMER GLASS, INC.**

By: */s/ Melissa A. Siebert*

Melissa A. Siebert
Erin Bolan Hines
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel:  (312) 704-7700
Fax:  (312) 558-1195
masiebert@shb.com
ehines@shb.com

***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

I, Melissa A. Siebert, an attorney, hereby certify that on **May 4, 2020**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in, in the Circuit Court of Cook County, addressed as follows:

>David Fish
>dfish@fishlaw.com
>Mara Baltabols
>mara@fishlaw.com
>The Fish Law Firm, P.C.
>200 East Fifth Avenue, Suite 123
>Naperville, Illinois 60563
>Tel: 630.355.7590
>Fax: 630.778.0400
>
>***Attorneys for Plaintiff***

>/s/ Melissa A. Siebert